IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA MITCHELL DENDY, <br><br> Plaintiff, <br><br> vs. <br><br> GEICO, INC. <br><br> Defendant, | Civil Action No. 20-1945 <br> Judge Nora Barry Fischer |

### MEMORANDUM ORDER

Presently before the Court are Plaintiff Laura Dendy's Motion to Remand to State Court, (Docket No. 3), and Defendant Geico, Inc.'s Response thereto, (Docket No. 5). In its Notice of Removal, Defendant seeks to remove Plaintiff's two-count complaint asserting breach of contract and bad faith claims against it based on diversity jurisdiction, citing 28 U.S.C. §§ 1332(a) and 1441(a). (Docket No. 1). Defendant sets forth a conclusory allegation that "it is Defendant's good faith belief that the amount in controversy exceeds $75,000 exclusive of interest and costs." (Docket No. 2(c)). Plaintiff argues that this matter should be remanded because her case does not exceed $75,000 and she intends to move it to the Arbitration Division of the Court of Common Pleas, despite what she pled in her ad damnum clause. (Docket No. 3). After careful consideration of the parties' arguments in light of the allegations set forth in the Notice of Removal and Complaint, as well as this Court's prior decision in *Brewer v. Geico*, Civ. A. No. 13-1809, 2014 WL 241756 (W.D. Pa. Jan. 22, 2014), Plaintiff's Motion [3] is granted and this matter is remanded to the Court of Common Pleas of Allegheny County.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded

1

by judicial decree." *Id*. (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied,* No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019). The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Defendant, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Since this case is being removed on the basis of diversity jurisdiction, it is Defendant's burden to demonstrate that the parties are completely diverse and that the amount in controversy is in excess of the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a). The parties here are completely diverse such that the sole dispute is the amount in controversy.

> In determining whether the amount in controversy exceeds $75,000, district courts must apply the "legal certainty" test the Third Circuit enunciated in *Samuel–Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir.2004). Under this standard, "[t]he case will be dismissed only if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Id*. at 194 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) (internal quotation marks omitted).

*Brewer*, 2014 WL 241756, at *2 (W.D. Pa. Jan. 22, 2014). While a post-removal stipulation that the case is worth less than the jurisdictional threshold is not dispositive, it remains Defendant's burden to show by a preponderance of the evidence that the operative complaint filed against it seeks an amount in excess of $75,000. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action

2

is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

Here, Defendant equates Plaintiff's motion to remand as setting forth a post-removal stipulation as to the amount in controversy. (Docket No. 5). The Court disagrees for several reasons. First, Plaintiff's counsel, as an officer of the court, advises that Plaintiff intends to move the matter from the General Docket of the Court of Common Pleas to the Arbitration Division, which has a jurisdictional limit of $35,000. (Docket No. 3). Hence, Plaintiff is essentially conceding that her claims are valued well below the jurisdictional threshold of $75,000 necessary to invoke the diversity jurisdiction in this Court. Second, Plaintiff's assessment of the case is supported by the actual averments in her Complaint, where the sole allegation as to the value of her claims states that "[i]t is believed and averred Plaintiff's claim is worth in excess of five Thousand ($5,000.00) dollars based upon the losses she sustained in her auto accident." (Docket No. 1-1 at ¶ 41). Third, Plaintiff's position as to the value of her claims is further bolstered by the fact that the underlying tort action *Dendy v. Byhum et al.*, AR-19-001900 (All. C.P. 2019), was brought in the Arbitration Division of the Court of Common Pleas; the arbitrators entered an award for the defense; and the case settled after an appeal was filed. Fourth, Defendant has not put forth any evidence to support its bare allegation of the jurisdictional amount beyond pointing out that Plaintiff seeks attorney's fees and punitive damages on its bad faith count.[1] (Docket Nos. 1; 5).

---

[1] The Court notes that the instant Notice of Removal suffers from additional deficiencies. To that end, ¶ 4 erroneously requests that the Court of Common Pleas of Allegheny County "remove the civil action of Plaintiff to the Federal District Court for the Eastern District of Pennsylvania," instead of the U.S. District Court for the Western District of Pennsylvania. (Docket No. 1 at ¶ 4); *see also* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending."). In addition, the Notice of Removal appears to be untimely on its face because the only date referenced is that the Complaint was filed in the Court of Common Pleas on November 13, 2020 such that the December 15, 2020 removal was more than thirty days later. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

However, this Court rejected the same argument in *Brewer*, holding that the "[o]ther courts in this Circuit have considered nearly identical claims made in similar cases, rejecting defendant automobile insurance companies' bare allegations that plaintiffs' bad faith claims bridged the gap between $10,000 or $15,000 insurance policies and the $75,000 threshold for federal jurisdiction, and remanding these cases." *Brewer*, 2014 WL 241756, at *6. All told, Defendant has failed to meet its burden to show that this case was worth more than $75,000 when it removed the case three days ago and it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount in this case.

      For all of these reasons, Plaintiff's Motion to Remand [3] is GRANTED.  An appropriate Order follows.

      *s/Nora Barry Fischer*
      Nora Barry Fischer
      Senior U.S. District Judge

cc/ecf:  All counsel of record.

      Prothonotary, Court of Common Pleas of Allegheny County

---

is based"). Remand is also appropriate on this basis. *See Ricci v Rockwater Northeast LLC*, 2015 WL 6509442, at *3 (W.D. Pa. Oct. 28, 2015) (remanding matter which was not removed within 30 days as required under statute).